UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER METZ,

        Petitioner,

    v.

UNITED STATES OF AMERICA, et al.,

        Respondents.

Case No. 25-cv-04472-AMO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 32

United States District Court
Northern District of California

Before the Court is the United States's motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for March 26, 2026, is **VACATED**. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion, for the following reasons.

On May 27, 2025, Petitioner Roger Metz filed a petition against the Internal Revenue Service ("IRS") and the United States. Petition, Dkt. No. 1. Metz seeks to quash a summons issued by the IRS to third-party Coinbase, Inc. *Id.* at 5. The IRS seeks information related to Metz's account and transactions on Coinbase as part of an audit pertaining to Metz's 2022 tax return. *Id.* On February 18, 2026, the Government filed a motion to dismiss arguing that (1) the Court lacks personal jurisdiction because Metz failed to properly serve the United States, (2) the Court lacks subject matter jurisdiction because Metz's petition is untimely, and (3) to the extent the Court finds it has jurisdiction, the summons to Coinbase should be enforced. Dkt. No. 32. On March 4, 2026, Metz filed an opposition, Dkt. No. 33, and the Government's reply followed on March 11, 2026, Dkt. No. 34. Because Metz's failure to serve the United States is dispositive, the Court only reaches that issue.

United States District Court
Northern District of California

Dismissal of a case is proper when there is insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Federal] Rule [of Civil Procedure] 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A district court has broad discretion to dismiss an action for failure to effect service. *Jones v. Automobile Club of Southern California*, 26 Fed. App'x. 740, 742 (9th Cir. 2002).

The United States argues it was not properly served for two reasons: (1) service occurred outside of the 90-day window allowed by Federal Rule of Civil Procedure 4(m) and (2) Metz did not serve the Attorney General of the United States, as required by Federal Rule of Civil Procedure 4(i)(1)(B). Dkt. No. 32 at 9-10. In his opposition brief, Metz does not offer any explanation for his failure to serve the United States within 90 days after filing his petition, much less that he had good cause. *See generally* Dkt. No. 33. Further, Metz does not contend that he served the Attorney General. *Id.* Instead, Metz confirms he served only the United States Attorney's Office for the Northern District of California and the Internal Revenue Service. *Id.* at 8-9. Because Metz does not provide any evidence that he served the Attorney General or that service was completed within 90 days of the petition's filing, he has not carried his burden of establishing service was valid. *See Brockmeyer*, 383 F.3d at 798. Accordingly, dismissal is proper. *See Reynolds v. United States*, 782 F.2d 837 (9th Cir. 1986) (affirming dismissal of action without prejudice for failure to timely effectuate service on the United States).

/ / /

/ / /

/ / /

/ / /

2

For the foregoing reasons, the Court **GRANTS** the United States's motion to dismiss and **DISMISSES** this action without prejudice.  The Court directs the Clerk of Court to close this case.

**IT IS SO ORDERED.**

Dated: March 18, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

3